United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL A SINGLETON, #00629785, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-16-172 |
| | § | |
| ADRIAN GARCIA, *et al*, | § § | |
| | § | |
| Defendants. | | |

## MEMORANDUM AND ORDER

The plaintiff, Michael A. Singleton (#00629785), has filed a complaint under 42 U.S.C. §1983 ("Complaint"), alleging violations of his civil rights (Docket Entry No. 1). Because plaintiff is incarcerated, the Court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the Court concludes that this case must be dismissed for the reasons explained below.

### I. Background

Singleton is currently incarcerated in the Harris County Jail. The defendants are former Harris County Sheriff Adrian Garcia and Harris County Correctional Officer Jaquelin Edwards.[1]

Singleton's Complaint concerns allegations that he was assaulted in the face with a blunt object while he was handcuffed.[2] Singleton discloses that this allegedly happened on or around

---

[1] Complaint, Docket Entry No. 1, at 3.

[2] *Id*. at 4.

1 / 3

April 4th or 5th, 2012.[3]  Singleton requests compensatory and punitive damages of $2.5 million combined.[4]

## II. Discussion

Singleton's *pro se* pleadings are entitled to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberally construed, Singleton contends that he was denied his constitutional right to be free from cruel and unusual punishment due to the alleged assault at the Harris County Jail in 2012.

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  This means that the plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Singleton's claim arose no later than April 5, 2012, when he was allegedly assaulted. The complaint in this case is dated January 12, 2016,[5] which is well outside the limitations period.  Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Singleton clearly waited more than two years from the time his claims accrued to file suit, his complaint is untimely and will be dismissed as legally frivolous. *See id.*

---

[3] *Id.*

[4] *Id.*

[5] Complaint, Docket Entry No. 1, at 5.

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint (Docket Entry No. 1) is **DISMISSED** with prejudice as legally frivolous.  All other pending motions, if any, are **DENIED**.

The Clerk is directed to provide a copy of this Memorandum and Order to the parties.  The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) Ed Mahar, Federal Trial Division Chief, Harris County Attorney's Office, 1019 Congress Street, 15th Floor, Houston, Texas 77002, phone (713) 755-7184, fax (713) 755-8924; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, this 26th day of May, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE